IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRANDON CHE LEE, )
)
    Plaintiff, )
)
v. ) Case No. CIV-16-991-F
)
FEDERAL TRANSFER CENTER, et al., )
)
    Defendants.[1] )

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se, submitted to this Court for filing a complaint and amended complaint alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The matter has been referred by United States District Judge Stephen P. Friot for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Plaintiff's action be dismissed without prejudice to refiling. Dismissal is proper pursuant to Fed. R. Civ. P. 41(b) as Plaintiff has failed to cure deficiencies as ordered by the Court. Additionally, Plaintiff's claims are frivolous and/or fail to state claims upon which relief may be granted making dismissal proper pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[1] The Clerk of Court's office designated as the named Defendants in this action the "Federal Transfer Center," "Warden," "Schneider," and "Unknown." But, as more fully set forth below, Plaintiff's Complaint contains no caption and it is unclear from the allegations in the body of the Complaint exactly who it is that Plaintiff intends to sue. Additionally, as discussed below, to the extent the designation of named Defendants is taken from the Amended Complaint, that filing, submitted in response to the Court's Order directing Plaintiff to cure deficiencies, failed to comply with the Court's directive and remains deficient.

I.  **<u>Factual Allegations of the Complaint</u>**[2]

Plaintiff is a federal prisoner who is currently incarcerated at the United States Penitentiary (USP) in Atlanta, Georgia. Plaintiff's claims arise out of his temporary period of confinement at the Federal Transfer Center (FTC) located in Oklahoma City, Oklahoma. Plaintiff alleges that since September 2007, he has been temporarily housed at the FTC four different times. *See* Complaint at ECF p. 1. Plaintiff alleges that most recently, he was incarcerated at the FTC in August 2016 and that the warden and staff there refused to allow Plaintiff to use the telephone. *Id*. at ECF p. 2. In somewhat contradictory fashion, Plaintiff sets forth a number of phone calls he made, but complains that as to most of the calls, no person answered the call and instead, he received a recording stating "your call cannot be [answered at] this time." *Id*. Plaintiff additionally claims that he was wrongfully placed in segregated confinement. According to Plaintiff he was threatened by staff and falsely accused of an altercation with another inmate. *Id*. at ECF pp. 2-3.

Underlying Plaintiff's claims are his repeated assertions that he is being unlawfully detained on an illegal and false conviction which he identifies as Case No. SACR07-207AG in the Central District of California. *See, e.g., id*. at ECF p. 1. As relief, Plaintiff states that the Court must stop the illegal actions taken against him by prison staff and that the Court must

---

[2] Although Plaintiff filed an Amended Complaint [Doc. No. 10] , as discussed below, he merely refers back to the allegations of the Complaint. Therefore, the Court addresses the factual allegations of the original Complaint [Doc. No. 1] filed August 29, 2016.

immediately release Plaintiff from his illegal detention.  *Id*. at ECF p. 4.  Plaintiff makes no request for monetary damages.  *Id*.[3]

## II. Plaintiff's Failure to Comply with the Court's Directives to Cure Deficiencies

Plaintiff's Complaint, as originally submitted, is on notebook paper and handwritten.  It is not properly signed.  There is no caption included in the Complaint, no identification of the persons or entities against whom he brings his claims, no jurisdictional basis for Plaintiff's claims, no specific identification of any claims for relief, and no specific request for relief.  In addition, Plaintiff did not submit a filing fee or an in forma pauperis application.

Consequently, by Order [Doc. No. 4] dated August 30, 2016, Plaintiff was directed to cure deficiencies related to the submission of his complaint.  Plaintiff was advised that he must re-submit the complaint on the proper form and properly sign the complaint.  Plaintiff was further advised that he had failed to either pay the filing fee or submit an in forma pauperis application.  The Court directed the Clerk of Court to provide all necessary forms to Plaintiff.  Plaintiff was given until September 20, 2016 to cure the deficiencies and the Court expressly advised Plaintiff that a failure to cure the deficiencies could result in a dismissal of his action without prejudice to refiling.

---

[3] In addition to the grounds set forth below, because Plaintiff seeks no form of monetary relief, the fact that he is no longer incarcerated at the FTC renders his claims for any form of injunctive relief moot and dismissal is further warranted on this basis.  *See generally Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011) (where a claim is "penitentiary specific" a prisoner's transfer to another facility may moot the claim).

Thereafter, on September 1, 2016, Plaintiff again submitted a handwritten complaint for filing rather than submitting a complaint on the proper form. The Clerk of Court docketed the submission as a supplement to the complaint. *See* Supplement [Doc. No. 5].[4] And, on September 12, 2016, Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis [Doc. No. 7]. These filings also contained deficiencies. As a result, on September 13, 2016, the Court again entered an Order [Doc. No. 8] directing Plaintiff to cure the deficiencies.

Specifically, in the Court's September 13, 2016 Order, the Court directed Plaintiff to submit the complaint on the proper form and properly sign the complaint. The Court further informed Plaintiff that missing from his in forma pauperis application was the certified copy of Plaintiff's institutional account(s) statement for the last six months, as well as the required signature of an authorized officer of the relevant penal institution. The Court noted correspondence from Plaintiff regarding efforts to obtain such a statement, cautioned Plaintiff that the Court would not rule on such correspondence, set forth the mandatory nature of the trust fund account statement requirements, and stated in the Order that Plaintiff could show a copy of the Order to the appropriate officers at the penal institution to facilitate submission of the appropriate documents. The Court gave Plaintiff until September 27, 2016 to cure these deficiencies and again expressly advised Plaintiff that a failure to cure the deficiencies could result in the dismissal of Plaintiff's action.

In response, on September 23, 2016, Plaintiff submitted a form complaint, *see* Amended Complaint [Doc. No. 10], but instead of completing the form, Plaintiff wrote on the front page "I

---

[4] In recent correspondence to this Court, *see* correspondence [Doc. No. 9], Plaintiff indicates that the September 1, 2016 submission was intended to be submitted as a separately filed action. This Court, however, does not rule on correspondence. If Plaintiff seeks relief due to an error of the Clerk's office, he must file a proper motion requesting such relief. As noted, Plaintiff has previously been advised by this Court that it will not rule on correspondence. *See* Order to Cure Deficiencies [Doc. No. 8] at p. 1 n. 1. Plaintiff is reminded that a filing fee accompanies each separately filed case. *See* 28 U.S.C. § 1914.

have already filed six (6) pages of complaint to the court." *See id*. at ECF p. 1. Furthermore, in the section of the form complaint headed "Claims" Plaintiff states: "On Aug. 24, 2016, I have already filed my complaint to the court. However, the court needs to fill out this form. This is why I filled out this form. Please refer to my complaint that I filed it [sic] to the court on Aug. 24, 2016." *See id*. at ECF p. 6.[5] Plaintiff's filing, therefore, fails to cure the deficiencies noted by the Court and Plaintiff instead purports to seek consideration of his claims through piecemeal pleadings.

As to the deficiencies accompanying Plaintiff's in forma pauperis application, on September 23, 2016 Plaintiff submitted another application, *see* Application for Leave to Proceed In Forma Pauperis [Doc. No. 11], but that document similarly continues to be deficient. As with Plaintiff's submission of an amended complaint, the current in forma pauperis application states: "I have already filed this form to the court. Please refer to this form that I was filed it [sic] to the court and refer to this form also." *See id*. at ECF p. 1. Plaintiff once again did not submit the required institutional account(s) statements or complete the "Required Certification" section of the application. *See id*. at ECF p. 3. Instead, Plaintiff states that he has attempted to obtain the trust fund account statement "since 2013" from "all of prisons" but the prisons have not provided it to him. He further states: "when I shown [sic] this form to the D1 unit counselor, he does not filed [sic] out anything but signed on it after read it. So I sent to the court as it was." *Id*. at ECF p. 4. Plaintiff's application does include a signature – purportedly the signature of the "D-Unit Counselor," – but the Statement of Institutional Accounts remains blank. *Id*. at ECF pp. 3-4.

---

[5] Plaintiff did identify *Bivens* as the jurisdictional basis for his claims and purported to identify certain defendants. *See* Amended Complaint at ECF pp. 2, 4.

## III. Analysis

### A. Dismissal is Proper Pursuant to Fed. R. Civ. P. 41(b) Because Plaintiff has Failed to Cure Filing Deficiencies as Directed by the Court

Plaintiff has not demonstrated to the Court grounds sufficient to warrant granting Plaintiff a further opportunity to cure the deficiencies accompanying his filings. Plaintiff has been adequately apprised of the Court's instructions to submit his complaint on the proper form and he has chosen to disregard those instructions. Additionally, Plaintiff continues to make conclusory claims that he cannot obtain the requisite signatures or trust fund account statements, but he offers no evidence to demonstrate his efforts towards the same, such as submission of a prison grievance addressed to the matter. The Court further finds suspect Plaintiff's allegations regarding attempts to obtain the trust fund account statements. Plaintiff alleges he has been making such attempts "since late of 2013" but Plaintiff did not submit his initial pleadings in this action until August 2016. Moreover, the Court notes that Plaintiff has made virtually identical allegations regarding efforts to obtain his trust fund account statements in other federal court litigation. *See, e.g., Lee v. Maye*, No. 14-3097-SAC-DJW, 2014 WL 11398024 at *2 (D. Kan. Sept. 26, 2014) (unpublished op.) (rejecting Mr. Lee's conclusory statement that "he has 'requested several times' a copy of this account, 'but the trust fund do (sic) not want to provide it'" and noting that Mr. Lee "does not show that he utilized the proper procedure, what response he received, what person wrongfully withheld his account information, or describe any administrative remedy he has pursued for assistance in obtaining any wrongfully-withheld information regarding his account"). And, Plaintiff has not requested additional time from the Court within which to cure the deficiencies. For these reasons, Plaintiff has failed to

demonstrate good cause for his failure to comply with the Court's Orders and further opportunities to allow Plaintiff to comply would appear to be futile.[6]

Under these circumstances, it is recommended that Plaintiff's action be dismissed without prejudice to refiling. *See* 28 U.S.C. § 1914; LCvR 3.2, 3.3 and 3.4; *see also AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Price v. No Defendants Named*, 516 F. App'x 710, 711 (10th Cir. 2013) (affirming dismissal of plaintiff's § 1983 claims where plaintiff failed to cure deficiencies in form complaint and his in forma pauperis request "omitted required supporting documents–a certified copy of [the prisoner's] trust-fund statement . . . and an authorization to calculate and disburse filing-fee payments"); *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (affirming dismissal of federal prisoner's civil rights complaint where in response to district court's order to submit the complaint on the proper form, prisoner left most of the form blank and simply referred to the original complaint). Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge*, 552 F.3d at 1236. Accordingly, Plaintiff's action should be dismissed without prejudice to refiling.

---

[6] On prior occasions, Mr. Lee has been generously instructed about the proper procedures to follow and, yet, he continues to ignore that instruction. *See, e.g., Lee*, 2014 WL 11398024 at *3 and n. 8 (noting that "Mr. Lee has continued his abusive practice of submitting numerous improper filings . . . [n]one of [which] is a proper supplement or Amended Complaint" and "Plaintiff has not cured any deficiency in his complaint with these repetitive, abusive filings").

### B. Dismissal of Plaintiff's Action is Proper Because Plaintiff's Claims Fail to State a Claim Upon Which Relief May be Granted and/or are Frivolous

The Court further recommends dismissal of Plaintiff's action on grounds the Complaint fails to state a claim upon which relief may be granted and/or is frivolous.[7] First, to the extent Plaintiff seeks his immediate release from confinement, Plaintiff's claim is not cognizable in a *Bivens* action, but must be brought in an action seeking habeas corpus relief. *See Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.").

In this regard, the Court notes that Plaintiff has an extensive litigation history in which he has unsuccessfully brought habeas corpus challenges related to allegations – similar to those raised in the instant action – that he is being unlawfully detained pursuant to a false judgment of conviction. *See, e.g., Lee v. Maye*, No. 16-3021, 2016 WL 3435475 at *1 (10th Cir. June 21, 2016) (unpublished op.) ("Mr. Brandon Che Lee is a federal prisoner who seeks habeas relief under 28 U.S.C. § 2241 [and] claims that . . . he is being incarcerated under a false criminal case, No. SACR07–AG–1[.]"); *Lee v. Maye*, 581 F. App'x 721, 721 (10th Cir. 2014) (stating that "[t]he Ninth Circuit has affirmed Brandon Lee's criminal conviction on direct review . . . and this court has rejected previous collateral challenges to that conviction" and citing cases); *Lee v. Cozza-Rhodes*, 517 F. App'x 630, 631 (10th Cir. 2013) (rejecting § 2241 challenge where Mr. Lee "argue[d] that the record number for his criminal case does not exist in any district court

---

[7] Dismissal is proper pursuant to the Court's duty to screen the Complaint and dismiss the Complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§1915(e)(2)(B) and 1915A(a) and (b).

8

records and therefore his conviction and sentence is false and he has been illegally incarcerated").

To the extent Plaintiff claims he has been denied access to the telephone, Plaintiff has no constitutional right to use the telephone for personal purposes. *See Martinez v. Mesa County Sheriff*, Nos. 95-1154 and 95-1157, 1995 WL 640302 at *1 (10th Cir. Nov. 1, 1995) (unpublished op.) ("Mr. Martinez has no constitutional right to make personal telephone calls, and thus, his 1983 claim must be dismissed.") (*citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Moreover, Plaintiff's own allegations contradict that he was denied the right to use the telephone during his period of incarceration at the FTC. *See, e.g.*, Complaint at ECF p. 2 and Email Attachment [Doc. No. 1-1] at ECF p. 1 (listing telephone calls made to family and friends). And, Plaintiff fails to identify any pending criminal matter that would give rise to a right to contact a lawyer by telephone.

Finally, to the extent Plaintiff claims he was wrongfully sent to the Special Housing Unit (SHU) by prison staff because they falsely accused him of refusing to get off the phone and/or having an altercation with his cell mate, Plaintiff's allegations are too conclusory and otherwise fail to state a claim for *Bivens* relief. Plaintiff has no constitutional right to any particular housing assignment and he otherwise fails to identify any constitutional right implicated by the complained-of conduct. *See Johnson-Bey v. Ray*, 38 F. App'x 507, 509 (10th Cir. 2002) (finding no plausible claim for relief where 'plaintiff's complaint alleged that he was placed in SHU for failing to follow an order" and stating: "[w]e are unable to discern any possible constitutional violation arising out of that situation"). Moreover, "mere allegations of falsified evidence or misconduct reports, without more, do not state a claim." *Escobar v. Mora*, 496 F. App'x 806, 816 (10th Cir. 2012) (internal quotations and citations omitted); *see also Johnson-Bey*, 38 F.

App'x at 510.  Here, Plaintiff does not allege he was denied due process in relation to the challenged conduct and his claim, therefore, is not actionable.  For all these reasons, it is recommended that Plaintiff's action be dismissed without prejudice to refiling.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice to refiling.  It is further recommended that Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 11] be stricken as deficient or denied as moot.  Finally it is recommended that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of the District Court by October 19, 2016.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 28th day of September, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE